Judge Owsley
delivered the Opinion of the Court.
In the consideration of this case-, hut one question is necessary to he noticed. It is whether or not to charge a person with having unlawfully and intentionally burnt a School house is actionable?
Tested exclusively by .the principles of the common .law, this question would undoubtedly have to be decided in the negative. If actionable, it must be because the words contain a charge which, if *156 ■true, would subject the person charged to' criminal punishment; and nothing is more clear than at common law, arson could not be committed by burning a school house.
Burning a school house was not a criminal offonce by that law!
Statute increasing the offences under the denomination of arson.
I’cnal statutes shall be construed strictly, but the words “any othet house or houses whatsoever” in the statute against house burning, cannot be rejected.
But iii deciding the qúfestioii, propounded, wé should not be governed exclusively by the doctrine of the common law upon the subject of arson; thé legislature Of this State have, on several occasions, acted upon the subject of house burning, and it is proper that we should advert to those acts for the {jurpose of learning whether or not, by the existing aw of this country, to burn a school house is not an offence for which the perpetrator iá liable to cri5ni«ai punishment.
TPhe provision which has the most direct and immediate bearing upon the question, is contained in. the twelfth section Of the act of 18,01, (2. .Dig. L. K. 089.) It is in the following words: “All ánd every person Or persons that shall intentionally'and unlawfully burn any tobacco ho.use, ware house or store' house, or any house Or place where wheat, Indian corn or other grain spall bé kept, or any other house or houses whatsoever, and being thereof duly convicted, shall undergo a confinement in the jail and penitentiary house, for a period nbt less than one year nor moré than six years.”
It will be perceived that school houses are not among the houses expressly named in the act jiist cited; and on the pari of the defendant it is contended, that the expressions, “any other house ttr houses whatsoever,” ought not to be construed to include ány house not before mentioned in the act; and in support bf th'c argument we were referred té ’cases in which the English courts, in expounding some of the statutes of that country, have by construction limited the application of general expressions usted in statutes, to things which before were particularly and expressly mentioned in the statute. Whether or nothin any one of those cases, those courts have pushed the principle by which they professed to he governed in giving a construction to their statutes, too far, wé shall not now slop to inquire. That penal statutes should be strictly *157 construed is a proposition which will not be controverted by us; nor shall we deny but what there may have been used in statutes, general expressions which on account of their vague arid equivocal import,, should not be construed to enlarge the operation of the statutes. But we do not admit that the words, any house or houses whatsoever, áre of that description. Though general, those expressions are byr no means unintelligible, but they may be easily comprehended and understood by every one possessing a sufficient degree of intellect to conceive the idea of a house. Words so plain and easy to be understood, cannot have been used by the legislature for no purpose, and we should evidently transcend the judicial station; were we to givé them no operation.
Statutes in pari materia shall bo construed together.
School house may be the subject of arson by the statute.
Crittenden, for plaintiff; Mayes, for defendant.
But what is the operation to which they are entitled? If there were no other legislative enactment tip on the subject of house burning, than that contained in the section cited, we should have no hesitation in saying, that those expressions ought to have a construction as broad as the words naturally import, and be held to embrace all houses whatever; but theré are other provisions upon the subject of house burning, which are contained in other acts of the legislature, and we apprehend those expressions ought to be taken in connexion with those other provisions, and so construed as to make the whole stand together, thereby comprehending in those expressions all houses whatever, not embraced in any other act.
Upon this construction therefore, it follows that school houses come within the class of houses, to burn which, the law imposes criminal punishment, and of course to charge a person with having burnt such á house is actionable.
The judgment must be reversed with cost, the cause remanded to the court below and further proceedings had, not inconsistent with this opinion.